IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 15-52637-11-CAG |
| **REPUBLIC RESOURCES, LLC,** | § | |
| | § | Chapter 11 |
| Debtor. | § | |

**APPLICATION FOR ORDER PURSUANT TO SECTION 1103 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2014 AUTHORIZING THE EMPLOYMENT AND RETENTION OF SNOW SPENCE GREEN LLP AS COUNSEL TO THE OFFICIAL <u>COMMITTEE OF UNSECURED CREDITORS</u>**

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

**TO THE HONORABLE CRAIG A. GARGOTTA, U. S. BANKRUPTCY JUDGE:**

The Official Committee of Unsecured Creditors of Republic Resources, LLC (the "<u>Committee</u>") appointed in the above-captioned chapter 11 case submits this *Application for Order Pursuant to Section 1103 of the Bankruptcy Code and Bankruptcy Rule 2014 Authorizing the Employment and Retention of Snow Spence Green LLP ("<u>SSG</u>") as Counsel to the Official Committee of Unsecured Creditors* ("<u>Application</u>") pursuant to Sections 327, 328(a), 504 and 1103(a) of Title 11 of the United States Code §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Local Rule 2016. In support of its Application, the Committee relies upon the attached Declaration of Ross Spence ("<u>Spence Declaration</u>"), and respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## STATUS OF PROCEEDING

2. On October 31, 2015 ("Petition Date"), Republic Resources, LLC ("Debtor") filed a Voluntary Petition for relief under Chapter 11, Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division (the "Court"). Pursuant to 11 U.S.C. § 1102(a)(1), the United States Trustee's Office appointed the Official Unsecured Creditors' Committee to represent the interests of unsecured creditors in the above-captioned case on November 18, 2015. *See* Docket No. 55. On December 2, 2015, the United States Trustee's Office filed an Amended Notice of Appointment of Committee of Unsecured Creditors to represent the interests of unsecured creditors in the above-captioned case. *See* Docket No. 72.

## RELIEF REQUESTED

3. In order to effectively participate in the Debtor's chapter 11 case, the Committee requires the representation of counsel. Pursuant to 11 U.S.C. § 1103, powers and duties of committees, the Committee has the power to employ counsel. In pertinent part, section 1103 provides:

> (a) At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.
>
> (b) An attorney or accountant employed to represent the committee appointed under section 1102 of this title may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. Representation of one or more

2

> creditors of the same class as represented by the committee shall not per se constitute the representation of an adverse interest.

11 U.S.C. § 1103(a) and (b).

4. The Committee has investigated the qualifications of SSG, whose address is 2929 Allen Parkway, Suite 2800, Houston, Texas 77019 (telephone number 713-335-4800/facsimile number 713-335-4848), to serve as its counsel in this proceeding.

5. On December 2, 2015, all members of the Committee held a meeting and voted to engage SSG as counsel to the Committee. SSG has considerable expertise in the fields of bankruptcy, insolvency, reorganizations, liquidations, debtors' and creditors' rights, debt restructuring and corporate reorganizations, commercial litigation and business transactions, particularly with respect to oil and gas exploration and development bankruptcy related issues. Accordingly, the Committee believes that SSG is well qualified to represent them in this chapter 11 case. The Committee requests that the Court enter an order approving its retention of SSG as counsel for the Committee effective as of December 2, 2015.

6. Ross Spence and Blake Hamm will be primarily responsible for SSG's representation of the Committee in this matter.

7. Ross Spence is a partner with SSG. Mr. Spence has been practicing bankruptcy for over 28 years and frequently represents creditors, creditors' committees, trustees, ad hoc and official committees of lien holders, and other parties in interest in bankruptcy proceedings. Mr. Spence is board certified in business bankruptcy law by the Texas Board of Legal Specialization. Mr. Spence received his J.D. from the University of Texas School of Law and received his B.A. from University of Virginia.

8. Blake Hamm will be the primary associate working on this matter. His practice is focused on representing parties, committees, and plan trustees in bankruptcy cases.

3

9. The professional services to be rendered by the firm of SSG include the following to be performed subject to and at the direction of the Committee:

a) to give the Committee legal advice with respect to its powers and duties under the Bankruptcy Code in connection with this case;

b) to prepare on behalf of the Committee all necessary pleadings, applications, answers, claims, adversary proceedings, orders, reports, and other legal instruments necessary to represent the interests of the unsecured creditors of the Debtor;

c) to initiate and prosecute any litigation to which the Committee may be a party;

d) to assist the Committee in its investigation of the acts, conduct, assets, liabilities, and financial condition of the Debtor, the operation of the Debtor's business, and the desirability of the continuation of such business, and any other matter relevant to this case or to the formulation of a plan of reorganization;

e) to assist the Committee in seeking the appointment of a trustee or examiner should such action become necessary;

f) to negotiate with creditors, other parties-in-interest and the Debtor on behalf of the Committee;

g) to review all claims and documentation of collateral or security held against the Debtor or its assets;

h) to analyze, institute and prosecute objections to proofs of claim asserted against the Debtor's estate, and to prosecute all contested objections to proofs of claim asserted against the estate as applicable;

i) to analyze, institute and prosecute actions regarding recovery of property of the Debtor's estate as applicable;

j) to obtain and analyze the documents and electronically stored information of the Debtor and its affiliates;

k) to examine the Debtor and others;

l) to review and analyze any proposed sales of the Debtor's assets; and

m) to perform such other legal services as may be required and in the interest of the unsecured creditors of the Debtor's estate, including preparation of a plan of reorganization and disclosure statement.

4

10. SSG has advised the Committee that it is willing to accept the representation upon the terms and conditions set forth herein, and the Committee is agreeable to those terms.

**PROFESSIONAL COMPENSATION**

11. The Committee understands that SSG intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rules, and order(s) of this Court for all services performed and expenses incurred on account of services performed with respect to SSG's representation of the Committee.

12. Subject to Court approval in accordance with Section 330(a) of the Bankruptcy Code, the Committee agrees that compensation will be payable to SSG on an hourly basis, plus reimbursement of actual and necessary expenses incurred by SSG. SSG would be compensated based upon the billing rates as set forth below:

| | | | |
|---|---|---|---|
| Phil Snow | $650 | Blake Hamm | $350 |
| Ross Spence | $550 | Carolyn Carollo | $275 |
| Kenneth Green | $500 | Bryan Prentice | $225 |
| Holly Hamm | $350 | Paralegals | $100 |
| Aaron Guerrero | $350 | | |

13. The Committee understands that the terms of SSG's compensation and reimbursement of expenses are subject to approval by the Court. No compensation will be paid by the bankruptcy estate to SSG except in accordance with orders of the Court. SSG has not received a retainer in connection with this case.

**DISINTERESTEDNESS OF PROFESSIONALS**

14. To the best of the Committee's knowledge, and based on the Spence Declaration,

5

which is filed concurrently herewith and incorporated herein, SSG has not represented the Debtor, its creditors, equity security holders, or any other parties-in-interest, or their respective attorneys, in any matters relating to the Debtor or its estate except as disclosed in the Spence Declaration. As set forth in greater detail in the Spence Declaration, SSG (a) has represented, currently represents, and may in the future represent creditors of the Debtor in connection with matters unrelated to Debtor's chapter 11 case, and (b) prior to December 2, 2015 represented Baker Hughes Oilfield Operations, Inc. in connection with matters relating to Debtor. Specifically, SSG, prior to December 2, 2015, represented Baker Hughes Oilfield Operations, Inc. in connection with (i) pre-bankruptcy petition collection efforts, (ii) investigation of the debtor and attendance at the 341 meeting, (iii) preparation of Baker Hughes' proof of claim, which is still being reviewed by Baker Hughes and will be filed by the undersigned when it is final, and (iv) responding to motions filed by Debtor prior to December 2, 2015. SSG ceased representation of Baker Hughes Oilfield Operations, Inc. regarding Debtor upon appointment as counsel by the Committee.

15. To the best of the Committee's knowledge, and based upon the Spence Declaration, SSG does not hold or represent any interest adverse to the Debtor's estate. Thus, SSG is a "disinterested person" as defined in Section 101(14), as modified by Section 1107(b) of the Bankruptcy Code, and SSG's employment is necessary and in the best interest of the Debtor's estate.

**CONCLUSION**

16. Accordingly, the Committee respectfully requests the entry of an Order pursuant to Section 1103 of the Bankruptcy Code authorizing it to employ and retain SSG as its counsel to perform the legal services described herein that will be necessary during this chapter 11 case.

**WHEREFORE,** the Committee respectfully requests that it be authorized pursuant to 11

U.S.C. § 1103, and in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, to employ SSG as its counsel as set forth herein.

Respectfully submitted,

OFFICIAL COMMITTEE OF UNSECURED CREDITORS

By: _____
Christopher J. Ryan, Chairman
Baker Hughes Oilfield Operations, Inc.
P. O. Box 4740
Houston, TX 77210-4740
(713) 439-8771 Phone
E-mail: christopher.ryan@bakerhughes.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served through electronic mail pursuant to the Electronic Case Management system on this 4th day of December 2015, and will be served on the 4th day of December 2015, through United States mail, first class, postage prepaid, on all parties on the attached Limited Service List.

By: */s/ Ross Spence*
Ross Spence

I:\Client\REPR0001-Committee-Republic Resources\Bankruptcy\Application to Retain SSG\Application to Represent Creditors' Committee.docx